NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH,
PA., Plaintiff,

v.

CONTINENTAL ILLINOIS
CORPORATION, et al.,
Defendants.

HARBOR INSURANCE COMPANY and
Allstate Insurance Company, Plaintiffs,

v.

CONTINENTAL ILLINOIS
CORPORATION, et al.,
Defendants.

Nos. 85 C 7080, 85 C 7081.

United States District Court,
N.D. Illinois, E.D.

Nov. 28, 1986.

James G. Hiering, Dennis C. Waldon, Jeffrey I. Berkowitz, Richard L. Reinish, A. Benjamin Goldgar, Keck, Mahin & Cate, Chicago, for plaintiffs.

Roger W. Barrett, Franklin P. Auwarter, Michele Odorizzi, Mayer, Brown & Platt, Walter C. Carlson, Sidley & Austin, Chicago, for defendants.

## MEMORANDUM OPINION AND ORDER

SHADUR, District Judge.

Harbor Insurance Company ("Harbor"), Allstate Insurance Company ("Allstate") and National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") have sued Continental Illinois Corporation ("CIC"), its subsidiary Continental Illinois National Bank and Trust Company of Chicago ("Bank")[1] and a host of other defendants, seeking to avoid liability under the directors and officers' ("D & O") policies plaintiffs (collectively "Insurers") had issued to CIC.[2] This Court's September 23, 1986 opinion ("Opinion 10") granted the motion of Ernst & Whinney ("Ernst"), CIC's outside auditors for the years 1980–83, for dismissal of Count IX of each Complaint (one filed by Harbor and Allstate together, the other by National Union alone). Now various other defendants[3] move for dismissal of each Count IX for lack of subject matter jurisdiction. For the reasons stated in this memorandum opinion and order, such dismissal is granted.

Each Complaint's Count IX identifies only Ernst by name as a target, though

---

1. CIC and Bank are collectively called "Continental."

2. Because this Court has typically begun all its opinions in these cases with the same opening description, some means of early differentiation is useful. Solely for that purpose, it is noted this is this Court's fifteenth written opinion since the cases were assigned to its calendar after a series of recusals by other judges of this District Court. For convenience, this opinion

will refer to each earlier opinion as "Opinion —," with the number reflecting the place the earlier opinion occupied in the sequence of issuance.

3. These comprise Continental and individual defendants Anderson, Baker, Bergman, Bottum, Hlavka, Lytle, Miller, Perkins, Rastetter, Redding and Taylor, formerly Continental officers or directors or both (collectively "Individual Defendants").

each also refers in a hypothetical way to "any other defendant whose claim against plaintiffs is excluded from coverage." Opinion 10 held no subject matter jurisdiction existed as to the claim against Ernst because Insurers have no present "actual controversy" with Ernst, as Article III requires.

That reasoning applies with equal force as to any other putative target of Count IX's prayer for declaratory relief. Indeed the same result might even be said to follow a fortiori, because Insurers' own identification of other potential defendants (quoted above) makes crystal-clear the contingent nature of Insurers' claims, dependent as they are on a *future* declaration of exclusion from D & O policy coverage.

Insurers seek to resist that result on two grounds:

    1. This Court's November 13, 1986 memorandum opinion and order ("Opinion 11") 113 F.R.D. 527, by allowing FDIC to assert counterclaims against Insurers, somehow lifts Insurers' Count IX claims into present "cases or controversies."

    2. Continental's and Individual Defendants' position vis-a-vis Insurers as "parties ... already closely tied together by this litigation" (Insurers Mem. 4) creates a ripe controversy as to Count IX as well.

Neither of those contentions is persuasive.

As for Insurers' first argument, it is dependent on the prospect of Insurers hereafter asserting cross-claims against Continental and Individual Defendants by reason of FDIC's entry into the fray. That of course is for the future, and this Court makes no comment either way as to the propriety and sustainability of Insurers doing so. But each Count IX must be judged *now*, not in the contingent terms Insurers urge.

Insurers' second contention wholly ignores the rationale and force of Opinion 10. Though Insurers might prefer to have that opinion go away, wishing does not make it so. If anything, the fact that Continental and Individual Defendants are parties *in-*sured under the D & O policies makes Insurers' Count IX claims against them more, rather than less, vulnerable in case-or-controversy terms (because Insurers must face the added contingency of having to prevail on their claim that some of these defendants, though insured under the D & O policies, were nonetheless excluded from coverage).

In sum, Count IX of each Complaint is dismissed in its entirety. It remains for the future whether a like claim, with its renewed effort to reinsert Continental's 1980 financial statements into these lawsuits, is viable.